JUDGE BRODERICK

14 CV 626

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JEAMES CADEUS, TRISTAN SMALL and
JOUBERT JEUNE

        -against-

                                          COMPLAINT AND
                                        JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
DEVIN LONG, SERGEANT VASSILIO AIDINIOU,
DETECTIVE PATRICK TOUSSAINT and
POLICE OFFICER JOHN DOES 1, 2 and 3.

                          Defendant(s),
---------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs seek relief for the violation of their rights secured by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from a May 9, 2012 incident in which members of the New York City Police Department ("NYPD") subjected plaintiffs to false arrest, malicious prosecution, fabricated evidence, illegal search and seizure and unlawful imprisonment. The plaintiffs seek compensatory and punitive monetary damages, declaratory relief, an award of costs and attorneys fees and such other and further relief as the court deems just and proper.

2. On May 9, 2012, POLICE OFFICER DEVIN LONG, SERGEANT VASSILIO AIDINIOU, DETECTIVE PATRICK TOUSSAINT and other members of the NEW YORK CITY POLICE DEPARTMENT including POLICE OFFICER JOHN DOES 1, 2, and 3 acting under the color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment, detention, unlawful search and seizure, and malicious prosecution for acts of which plaintiffs were innocent. This unconstitutional and unreasonable seizure of the plaintiffs was in violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiffs, JEAMES CADEUS, TRISTAN SMALL and JOUBERT JEUNE through their attorney, DAVID T. ROCHE, complaining of the defendants, respectfully allege:

## JURISDICTION

4. This action is brought pursuant to 28 USC §§ 1331 and 1343, 42 §§ 1983, 1985 and 1988 and the Fourth, Fifth, Fifteenth and Fourteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that the defendant NEW YORK CITY POLICE DEPARTMENT, has its headquarters located within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

7. Plaintiff JEAMES CADEUS at all times relevant hereto resided in the County of Kings, City and State of New York.

8. Plaintiff TRISTAN SMALL at all times relevant hereto resided in the County of Kings, City and State of New York.

9. Plaintiff JOUBERT JEUNE at all times relevant hereto resided in the County of Kings, City and State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal

corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

11. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

12. That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICER DEVIN LONG, SERGEANT VASSILIO AIDINIOU, DETECTIVE PATRICK TOUSSAINT and other members of the NEW YORK CITY POLICE DEPARTMENT including POLICE OFFICER JOHN DOES 1, 2, and 3 were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

13. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

14. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

15. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

16.  On May 9, 2012, members of the New York City Police Department, including defendants POLICE OFFICER DEVIN LONG, SERGEANT VASSILIO AIDINIOU, DETECTIVE PATRICK TOUSSAINT and other members of the NEW YORK CITY POLICE DEPARTMENT including POLICE OFFICER JOHN DOES 1, 2, and 3, illegally entered 1148 Rogers Avenue, a multi-dwelling residential building without a warrant. Defendants illegally entered 1148 Rogers Avenue, a multi-dwelling residential building without consent of an owner, resident or other person with authority to grant consent. Defendants illegally entered 1148 Rogers Avenue, a multi-dwelling residential building without any valid legal justification. Defendants forcibly entered 1148 Rogers Avenue by breaking the front door lock. Defendants illegally entered and searched the basement apartment occupied by plaintiff Joubert Jeune without a warrant. Defendants illegally entered and searched the basement apartment of Joubert Jeune without consent. Defendants illegally entered and searched the basement apartment of Joubert Jeune without any valid legal justification. Defendants illegally entered and searched the basement apartment of Joubert Jeune despite having been told by the owner of the building that they did not have permission to do so. Defendants illegally entered and searched the rear yard of 1148 Rogers Avenue without a warrant. Defendants illegally entered and searched the rear yard of 1148 Rogers Avenue without consent. Defendants illegally entered and searched the rear yard of 1148 Rogers Avenue without any valid legal justification. Defendants illegally searched a motor vehicle in the rear yard of 1148 Rogers Avenue without a warrant. Defendants illegally searched a motor vehicle parked in the rear yard of 1148 Rogers Avenue without consent. Defendants illegally searched a motor vehicle parked in the rear yard of 1148 Rogers Avenue without any valid legal justification. Defendants falsely claimed to have observed plaintiffs Cadeus and Small place a quantity of firearms in the aforementioned motor vehicle. Defendants falsely and illegally arrested plaintiffs Cadeus and Small, charging them with Criminal Possession of a Weapon in the Second Degree and other charges. Defendants arrested and charged plaintiffs Cadeus and Small with Criminal Possession of a Weapon in the Second Degree and other charges despite not having any evidence that plaintiffs

Cadeus and Small actually possessed firearms. Defendants falsely claimed to have recovered a quantity of marijuana from the person of plaintiff Cadeus. Defendants falsely claimed to have recovered a quantity of marijuana from the person of plaintiff Small. Defendants falsely and illegally charged plaintiff Cadeus with Unlawful Possession of Marijuana. Defendants falsely and illegally charged plaintiff Small with Unlawful Possession of Marijuana. Defendant Police Officer Devin Long made false statements in a signed sworn criminal court complaint including that he observed plaintiffs Cadeus and Small place firearms in the trunk of a motor vehicle located in the rear yard of 1148 Rogers Avenue and that he recovered marijuana from the persons of defendants Cadeus and Smalls. Defendant Police Officer Devin long testified falsely under oath at a criminal court evidentiary hearing including that he observed plaintiffs Cadeus and Small in the back yard of 1148 Rogers Avenue carrying gun bags containing firearms and that he recovered quantities of marijuana from their person. Following the testimony of Police Officer Devin Long at a criminal court evidentiary hearing, the Kings County District Attorney requested that all charges against plaintiff Cadeus be dismissed. Upon information and belief, all charges against plaintiff Small were also subsequently dismissed.

17.    On or about May 10, 2102, the plaintiffs were arraigned in Kings County Criminal Court, at which time plaintiffs Cadeus and Small were charged by felony complaint with Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon in the Third Degree, Criminal Possession of a Weapon in the Fourth Degree Criminal Possession of a Controlled Substance in the Seventh Degree, Unlawful Possession of Marijuana and administrative code violations related to possession and sale of air rifles and imitation firearms and possession of pistol ammunition. Upon information and belief, Plaintiff Jeune was charged by misdemeanor complaint with Criminal Possession of a Controlled Substance in the Seventh Degree and Unlawful Possession of Marijuana.  The arraignment judge set bail for plaintiffs Cadeus and Small. Upon information and belief, plaintiff Jeune was released and his case was adjourned in contemplation of dismissal. Plaintiffs Cadeus and Small remained in custody until their bail was posted some days later.  As a result, defendants imprisoned

and detained plaintiffs, deprived them of their liberty, without any legal right to do so, and against the will of the plaintiffs.

18. Following their arraignment on May 10, 2012, Plaintiff Cadeus and Small's cases were adjourned until May 14, 2012 in Part AP-1. On that date, the felony charges were dismissed. The misdemeanors were retained and the cases were adjourned to May 18, 2012 in criminal court.

19. The arrests of the plaintiffs were committed by the defendants without legal process and without probable cause and without any reasonable cause to believe that the plaintiffs had committed a crime.

20. Plaintiffs Cadeus and Small remained in custody for approximately seven days. Plaintiff Jeune was in custody for over 24 hours.

21. Defendants acted maliciously and intentionally.

22. As a direct and proximate result of the acts of defendants, plaintiffs suffered severe and permanent injuries including but not limited to: mental anguish, fear humiliation, anxiety, loss of liberty, loss of property, psychological and physical injury, pain, suffering, and emotional distress.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

23. Paragraphs 1 through 22 are herein incorporated by reference.

24. Defendants subjected plaintiffs to false arrest, imprisonment, and deprivation of liberty without probable cause.

25. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

26. As a result of the false arrest, imprisonment, and deprivation of liberty, each plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY)

27. Paragraphs 1 through 26 are incorporated herein by reference.

28. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiffs as a result of the conduct of its employees, agents, and servants.

29. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

30. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

31. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

32. Defendant CITY OF NEW YORK has damaged the plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

33. Defendants subjected plaintiffs to false arrest and false imprisonment.

34. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. Defendants illegally arrested plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty with probable cause.

37. That as a result of the foregoing, the plaintiffs have been deprived of the following rights, privileges and immunities secured them by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of their civil rights in violation of the statutes made and provided.

38. Each Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. Defendants illegally arrested plaintiffs subjecting them to false arrest, imprisonment and deprivation of liberty without probable cause.

41. That as a result of the foregoing, the plaintiffs have been deprived of the following rights, privileges and immunities secured them by the constitution and the laws of the United States: the right to be secure in their persons and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiffs not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of their civil rights in violation of the statutes made and provided.

42. Each plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. Defendants caused a false accusatory instrument to be filed against plaintiffs.

45. The criminal instrument was subsequently dismissed and the criminal proceedings favorably terminated.

46. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

47. Plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

    A.    In favor of each plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiffs' Causes of Action;

    B.    Awarding each plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiffs' Causes of Action;

    C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action;

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Each plaintiff demands a jury trial.

Dated: New York, New York
        January 31, 2014

By: David T. Roche, Esq. (dr2698)
Attorney for Plaintiffs
160 Broadway, Suite 708
New York, New York 10038
(212) 430-6380

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

**DAVID T. ROCHE, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at the **LAW OFFICE OF DAVID T. ROCHE** and the attorney of record for plaintiffs **JEAMES CADEUS, TRISTAN SMALL and JOUBERT JEUNE**. I have read the annexed **COMPLAINT AND JURY DEMAND** and know the contents thereof, and the same is true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the plaintiffs is because neither plaintiff presently resides in the county wherein the attorneys for the Plaintiffs maintain their offices.

Dated:     NEW YORK, NEW YORK
           January 31, 2014

                                           _____
                                           David T. Roche, Esq